William P. Harris III, Esq. (Bar No. 123575)
LAW OFFICES OF BRUCE P. AUSTIN
1455 Frazee Road, Suite 802
San Diego, CA. 92108
Tel: (619) 209-4000
Fax: (866) 724-0742

Raymond H. Goettsch, Esq. (SBN 105441)
LAW OFFICE OF RAYMOND H. GOETTSCH
P.O. Box 3590
Hailey, ID 83333
Tel: (509) 944-2179
Fax: (800) 722-1025

Attorney for Defendant GENERAL INSURANCE COMPANY OF AMERICA
*(erroneously sued as Safeco Surplus Lines Insurance Company)*

FILED
08 APR 29 PM 4:31
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

ORIGINAL

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SAN DIEGO CENTER FOR CHILDREN,

Plaintiff,

v.

SAFECO INSURANCE COMPANY, SAFECO SURPLUS LINES INSURANCE COMPANY, and DOES 1 through 5, inclusive,

Defendants.

No. '08 CV 782 JLS AJB

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

GENERAL INSURANCE COMPANY OF AMERICA ("General"), a Washington Corporation sued erroneously as Safeco Surplus Lines Insurance Company, Defendant in the above-entitled action, files this Notice Of Removal of this action from the Superior Court of the

State of California for the County of San Diego, in which it is now pending, to the United States District Court for the Southern District of California.

1. This action was commenced in the Superior Court of the State of California for the County of San Diego, Case No.37-2008-0000924-CU-IC-CTL, on April 1, 2008. A copy of all process, pleadings and orders served on General is attached hereto as Exhibit "A".

2. This notice of removal is filed less than one year from the date of the commencement of this action.

3. This action is one of a civil nature for Declaratory Relief.

4. The action is one in which the District Courts have original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b).

5. Co-Defendant SAFECO INSURANCE COMPANY is not a party to this Notice of Removal as it has not yet been served.

6. At the time of the commencement of this action and since that time, Plaintiff SAN DIEGO CENTER FOR CHILDREN ("Plaintiff") is, and has been, a corporation organized and existing under the laws of the State of California doing business and having its principal place of business in the County of San Diego, State of California.

7. At the time of the commencement of this action, General was and is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in the City of Seattle, County of King, State of Washington. From May 23, 2003 to May 23, 2004, Plaintiff was insured under the following policy of insurance, Professional Healthcare Facility Liability Coverage No. HLP7754265J issued by General to Plaintiff.

8. Pursuant to 28 U.S.C. § 1441(a) (as amended), the citizenship of Defendants DOES 1 through 5, inclusive, shall be disregarded.

9. In Plaintiff's Complaint, at Paragraphs 12-14, Plaintiff is claiming damages for the alleged failure of General to provide Plaintiff a defense under the above-mentioned policy, and for attorney fees and costs incurred to defend Plaintiff in the underlying action.

WHEREFORE, Defendant General Insurance Company of America, a Washington Corporation, prays that the above-captioned action now pending in the Superior Court of the State of California for the County of San Diego, Case No. 37-2008-0000924-CU-IC-CTL be removed from that Court to this Court.

Dated: April 29, 2008

LAW OFFICES OF BRUCE P. AUSTIN

By:____________________

William P. Harris III, Esq., Attorney for Defendant
GENERAL INSURANCE COMPANY OF AMERICA

EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
04/10/2008
CT Log Number 513298290

**TO:** Corporate Legal, CTSERV@safeco.com
Safeco Corporation
1001 Fourth Avenue, Floor 27
Seattle, WA 98154

**RE:** **Process Served in California**

**FOR:** Safeco Surplus Lines Insurance Company (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | San Diego Center for Children, Pltf. vs. Safeco Insurance Company, et al. including Safeco Surplus Lines Insurance Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Exhibit(s), Notice(s), Stipulation Form |
| **COURT/AGENCY:** | San Diego County, Superior Court, CA<br>Case # 37200800080924CUICCTL |
| **NATURE OF ACTION:** | Insurance Litigation - Seeking a declaration that defense is owed by defendants to SDCC in the Kotake Action |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/09/2008 at 14:55 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Richard P. Edwards<br>Munro Smigliani & Jordan, LLP<br>2535 Truxtun Road<br>Suite 208<br>San Diego, CA 92106<br>619-237-5400 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/10/2008, Expected Purge Date: 04/15/2008<br>Image SOP - Page(s): 33<br>Email Notification, Corporate Legal CTSERV@safeco.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

04/09/08 C2:55

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION

2008 APR -1 P 3:58

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
SAFECO INSURANCE COMPANY,
SAFECO SURPLUS LINES INSURANCE COMPANY,
DOES 1 through 5, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
SAN DIEGO CENTER FOR CHILDREN

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court, Central Branch
330 West Broadway
San Diego, CA 92101

CASE NUMBER: *(Número del Caso):* 37-2008-00080924-CU-IC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard P. Edwards, Esq., Munro Smigliani & Jordan, LLP, 2535 Truxtun Road, Suite 208, San Diego, CA 92106, 619.237.5400, 619.923.2866 (fax), redwards@msjlaw.com

DATE: *(Fecha)* APR 0 1 2008 Clerk, by *(Secretario)* M. Scott , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: Safeco Surplus Lines Insurance Company

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*: 04/09/08

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Richard P. Edwards, Esq., SBN 074358
Munro Smigliani & Jordan, LLP
2535 Truxtun Road, Suite 208
San Diego, CA 92106
TELEPHONE NO.: 619.237.5400 FAX NO.: 619.923.2866
ATTORNEY FOR (Name): Plaintiff San Diego Center for Children

FOR COURT USE ONLY

FILED CIVIL BUSINESS OFFICE
2008 APR -1 P
CLERK-SUPERIOR COURT SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

By Fax

CASE NAME:
San Diego Center for Children v. Safeco Insurance Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2008-00080924-CU-IC-CTL |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [✓] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: one (1)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 1, 2008
Richard P. Edwards, Esq., SBN 074358
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION
2008 APR -1 P 3:59
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Richard P. Edwards, Esq., SBN 074358
MUNRO SMIGLIANI & JORDAN, LLP
2535 Truxtun Road, Suite 208
San Diego, California 92106
Telephone: 619.237.5400
Facsimile: 619.923.2866

Attorneys for Plaintiff SAN DIEGO CENTER FOR CHILDREN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO – CENTRAL BRANCH

By Fax

SAN DIEGO CENTER FOR CHILDREN,

Plaintiff,

v.

SAFECO INSURANCE COMPANY, SAFECO SURPLUS LINES INSURANCE COMPANY, AND DOES 1 through 5, inclusive,

Defendants.

CASE NO. 37-2008-00080924-CU-IC-CTL

Action filed: April 1, 2008

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff SAN DIEGO CENTER FOR CHILDREN ("SDCC") is informed and believes and thereon alleges, as follows:

**PARTIES AND INSURANCE POLICIES**

1. SDCC is, and at all times relevant hereto was, a California corporation licensed to do business and doing business in the County of San Diego.

2. SDCC is informed and believes, and thereon alleges, that SAFECO INSURANCE COMPANY ("SAFECO CO.") is an insurance company duly licensed by the State of California to conduct the business of insurance in California, and at all times relevant hereto conducted the business of insurance in the County of San Diego.

3. SDCC is informed and believes, and thereon alleges, that SAFECO CO. issued a Professional Healthcare Facility Liability Coverage Policy, No. HLP7754265J, effective from May 23, 2003, to May 23, 2004, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

4. SDCC is informed and believes, and thereon alleges, that SAFECO CO. issued an Umbrella/Excess Coverage Policy, No. UL7754265A, effective from May 23, 2003, to May 23, 2004, a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein by reference.

5. SDCC is informed and believes, and thereon alleges, that SAFECO SURPLUS LINES INSURANCE COMPANY ("SAFECO SURPLUS") is a surplus lines insurer which at all times herein alleged was conducting the business of insurance in the State of California, including the County of San Diego.

6. SDCC is informed and believes, and thereon alleges, that SAFECO SURPLUS issued Directors & Officers Coverage Policy, No. 81669841, effective from September 27, 2003, to September 27, 2004, a true and correct copy of which is attached hereto as Exhibit "C" and incorporated herein by reference.

7. SDCC is informed and believes, and thereon alleges, that defendants DOES 1 through 5 are insurance companies with identities that are currently unknown to SDCC. SDCC is informed and believes, and thereon alleges, that DOES 1 through 5 performed the business of insurance in the State of California and have issued policies to SDCC. The policies issued by DOES 1 through 5 insure SDCC, which has its primary place of business in California, and DOES 1 through 5 have purposefully availed themselves of the protections and benefits of California and have the requisite minimum contacts with California such that the exercise of jurisdiction by this Court does not violate traditional notions of fair play and substantial justice.

///

///

///

///

900.006

## GENERAL ALLEGATIONS

8. This action arises out of the failure of the Defendants to fully defend SDCC in an action filed against SDCC in the Circuit Court of the First Circuit of Hawaii. A copy of the Complaint in that action is attached hereto as Exhibit "D" and incorporated herein by reference ("Kotake Action").

9. SDCC has tendered its defense of the Kotake Action to the defendants.

10. Despite their obligation to do so, defendants have refused to defend SDCC in the Kotake Action.

11. In light of defendants' refusal to provide a defense, SDCC is defending itself out of its own funds and has incurred defense fees and costs in connection with its defense of the Kotake Action in an unknown amount in excess of $25,000, and will continue to incur defense fees and costs in the Kotake Action.

## FIRST CAUSE OF ACTION – DECLARATORY RELIEF

(Against All Defendants)

12. SDCC incorporates by reference Paragraphs 1 through 11 above as though fully set forth in this Cause of Action.

13. A right of action for declaratory relief exists upon Defendants' policies providing insurance to SDCC, as those policies are both written instruments and contracts.

14. An actual controversy involving justiciable questions has arisen and now exists between SDCC and Defendants concerning their respective rights and obligations under the policies at issue here as follows:

a) SDCC is informed and believes, and thereon alleges, that defendants owe SDCC a complete defense in the Kotake Action. Defendants disagree with SDCC's position in this regard.

b) Defendants are responsible for the attorneys' fees and costs SDCC has incurred to compel defendants to fully defend SDCC against the allegations in the Kotake Action.

///

c) SDCC is entitled to attorneys' fees and costs as special damages, first, because this action and all fees and costs incurred by SDCC in this action were foreseeable damages proximately caused by Defendants' tortious conduct and breach of contract in failing to fully defend SDCC in the Kotake Action, and second, because Defendants' refusal to defend SDCC was in bad faith.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays judgment as follows:

1. For a declaration that defense is owed by Defendants to SDCC in the Kotake Action;
2. For attorneys' fees and costs of suit incurred herein; and
3. For such other and further relief as the court may deem just and proper.

Dated: April 1, 2008.

MUNRO SMIGLIANI & JORDAN, LLP

By: [signature]
Richard P. Edwards, Esq.
Attorney for Plaintiff SAN DIEGO CENTER FOR CHILDREN

900.006

**EXHIBIT "A"**

[illegible]

# Professional Health Care Facility Liability Coverages

| | |
|---|---|
| COMPANY | Safeco Insurance Company |
| POLICY NUMBER | HLP7754265J |
| POLICY TERM | 05/23/03 to 05/23/04 |

| | |
|---|---|
| **Admitted** | • Admitted |
| **Policy Form** | • Claims-Made |
| **Prior Acts Date** | • Not Applicable |
| **Deductible** | • Not Applicable |

| COVERAGE | LIMIT OF LIABILITY |
|---|---|
| Each Medical Incident | $1,000,000 |
| General Aggregate | $3,000,000 |

*This is a summary only. The precise coverage afforded is subject to the terms, conditions and exclusions of the policies as issued. Barney & Barney makes no representations, either expressed or implied, as to the adequacy of any limits of protections. Determination of the adequacy of the limits of protection is your responsibility.*

BARNEY&BARNEY



**SAFECO®** GENERAL INSURANCE COMPANY OF AMERICA
HOME OFFICE: 4333 BROOKLYN AVE. N.E., SEATTLE, WASHINGTON 98185

☐ **PROFESSIONAL LIABILITY POLICY DECLARATIONS**
☒ **HEALTH CARE FACILITY POLICY DECLARATIONS**

**Named Insured and Mailing Address:**
San Diego Center for Children
Refer to Endorsement for Legal Name
3002 Armstrong Street
San Diego, CA 92111

**Agent Number: 94-1501**
HLP7754265J
Policy Number
☒ Renewal

**Business of Named Insured is: Residential Care Home**

**Named Insured Is:** ☐ Individual ☐ Corp ☐ Partnership ☐ Joint Venture ☒ Other non-profit

**Policy Period** From: 5/23/03 To: 5/23/04 **12:01 A.M. Standard Time at the address of the Named Insured.**

| COVERAGE | | LIMITS OF INSURANCE |
|---|---|---|
| PROFESSIONAL LIABILITY — EACH CLAIM LIMIT | | $ 1,000,000 |
| PROFESSIONAL LIABILITY — GENERAL AGGREGATE LIMIT | | $ 3,000,000 |
| ☐ CLAIMS-MADE — Retroactive Date: | | |
| ☒ OCCURRENCE | | |
| DEDUCTIBLE — EACH CLAIM: | $ | |
| DEDUCTIBLE — ANNUAL AGGREGATE: | $ | |

**Forms Attached:**
IL 00 17 11/98
SM 60 39 12/97
SM 60 40 12/97
SM 60 54 2/01
SR 21 02 1/03
SR 21 03 1/03
SR 72 69 3/95

[illegible]

[illegible]

[illegible]

| | |
|---|---|
| **Premium:** | **$ 36,853.00** |
| **CIGA Fee** | **$ 737.06** |
| **Total Premium Due** | **$ 37,590.06** |

AUTHORIZED REPRESENTATIVE



® A registered trademark of SAFECO Corporation
DOC

**EXHIBIT "B"**



# Umbrella/Excess Coverages

| | |
|---|---|
| COMPANY | Safeco Insurance Company |
| POLICY NUMBER | UL7754265A |
| POLICY TERM | 05/23/03 – 05/23/04 |

| LIMIT | RETENTION | SUBJECT TO AUDIT? |
|---|---|---|
| $4,000,000 | $10,000 | No |

## Limitations or Exclusions:

All liability policies contain exclusions or limitations. In addition to the typical exclusions customarily found in policies of this type, the coverage also will contain, but not be limited to, the following exclusions, limitations or conditions:

**Exclusions:**

- Employment Related Practices
- Pollution
- Real and Personal Property in your Care, Custody and Control
- Asbestos
- Athletic Participants

**Specific Terms and Conditions:**

- Following Form: Sexual Misconduct, Professional, Employers Liability
- 25% of premium is minimum earned
- No flat cancellations allowed

## Underlying Coverages:

| COVERAGE | LIMIT |
|---|---|
| General Liability | |
| - Aggregate | $3,000,000 |
| - Per Occurrence | $1,000,000 |
| - Products/Completed Liability | $3,000,000 |
| - Personal/Advertising Injury Liability | $1,000,000 |
| Employers Liability | $1,000,000 |
| Miscellaneous Professional Liability | $1,000,000 |
| Automobile Liability | $1,000,000 |

*This is a summary only. The precise coverage afforded is subject to the terms, conditions and exclusions of the policies as issued. Barney & Barney makes no representations, either expressed or implied, as to the adequacy of any limits of protections. Determination of the adequacy of the limits of protection is your responsibility.*

BARNEY&BARNEY



SAFECO SAFECO INSURANCE COMPANY OF AMERICA
HOME OFFICE: 4333 BROOKLYN AVE. N.E., SEATTLE, WASHINGTON 98185
(A stock insurance company herein called the company)

**Commercial Liability Catastrophe Coverage Renewal Certificate**

Keep this renewal certificate with the policy. It is evidence your insurance is in force.

Attach to Your Policy No. UL7754265A
Refer to above policy number on all correspondence or Claims involving this Renewal Certificate.

Upon receipt of the premium, this certificate renews your policy. Coverage is provided by your policy as updated below.

1. **NAMED INSURED AND MAILING ADDRESS**
(Number, Street, Town, County, State, ZIP)

CPP ACCOUNT NO.

SAN DIEGO CENTER FOR CHILDREN
REFER TO ENDORSEMENT FOR LEGAL NAME
3002 ARMSTRONG STREET
SAN DIEGO, CA 92111

2. **POLICY PERIOD:** From May 23 2003 To May 23 2004
12:01 A.M. Standard Time at your mailing address shown above.

3. **LIMITS OF INSURANCE**

| | |
|---|---|
| General Aggregate Limit (other than products - completed operations and auto) | $ 4,000,000 |
| Products - Completed Operations Aggregate Limit | $ 4,000,000 |
| Each Occurrence Limit | $ 4,000,000 |
| Self Insured Retention | $ 10,000 |

4. **PREMIUM**
Advance Premium $ 35,700. ($35,000 PRBM. + $700 C.I.G.A.) (TRIA - $0) ☑ Flat
Premium Adjustable at rate of $ ______ per $ ______ of ______
Minimum Earned Premium $ ______ Annual Minimum Premium $ ______

5. **SCHEDULE OF UNDERLYING INSURANCE:** (Insurer, policy number, period, coverage, limits of insurance)

FIRST NATIONAL INSURANCE COMPANY OF AMERICA CP 7754265J 05-23-03 TO 05-23-04

General Liability

| | |
|---|---|
| General Aggregate Limit (other than products - completed operations) | $ 3,000,000 |
| Products - Completed Operations Aggregate Limit | $ 3,000,000 |
| Personal & Advertising Injury Limit | $ 1,000,000 |
| Each Occurrence Limit | $ 1,000,000 |

☐ Including Non-Owned Auto ☐ Including Hired Auto ☐ Including Stop Gap
☐ Including CG 25 04 Per Location - Aggregate ☐ Including CG 25 03 Per Project - Aggregate

FIRST NATIONAL INSURANCE COMPANY OF AMERICA BA 7754265J 05-23-03 TO 05-23-04

Auto Liability
Each Accident $ 1,000,000

Employer's Liability

| | |
|---|---|
| Bodily Injury by Accident, Each Accident | $ |
| Bodily Injury by Disease, Policy Limit | $ |
| Bodily Injury by Disease, Each Employee | $ |

6. **FORMS: ALL FORMS REMAIN IN EFFECT EXCEPT AS NOTED BELOW.**
Added: CU2167(3-02), CU2181(11-02), C4112(1-03), CU7008(4-89), IL8500 (12-97) - NAMED INSURED ENDORSEMENT, IL8500 (12-97) CALIFORNIA C.I.G.A.
Deleted:

Authorized Representative Date


® A registered trademark of SAFECO Corporation

**EXHIBIT "C"**

# Directors & Officers Coverage

| COMPANY | Safeco Surplus Lines Insurance Co. |
|---|---|
| POLICY NUMBER | 81669841 |
| POLICY TERM | 09/27/03 – 09/27/04 |

## Prior Acts Date:

None

## Deductible:

| | |
|---|---|
| Each Claim | $25,000 |
| Employment Practices Liability | $50,000 |

## Policy Form:

Claims Made

| COVERAGE | LIMIT OF LIABILITY |
|---|---|
| Limit of Liability<br>- Aggregate | $5,000,000 |

*This is a summary only. The precise coverage afforded is subject to the terms, conditions and exclusions of the policies as issued. Barney & Barney makes no representations, either expressed or implied, as to the adequacy of any limits of protections. Determination of the adequacy of the limits of protection is your responsibility.*

BARNEY&BARNEY



Executive Risk Indemnity Inc.
Home Office
32 Loockerman Square, Suite L100
Dover, Delaware 19901

*Administrative Offices/Mailing Address:*
82 Hopmeadow Street
Simsbury, Connecticut 06070-7683



**NOT-FOR-PROFIT ORGANIZATION**
**DIRECTORS, OFFICERS AND TRUSTEES LIABILITY INSURANCE POLICY**
**INCLUDING EMPLOYMENT PRACTICES LIABILITY COVERAGE**

**DECLARATIONS**

POLICY NUMBER
8166-9841

**NOTICE: THIS IS A CLAIMS MADE POLICY WHICH APPLIES ONLY TO "CLAIMS" FIRST MADE DURING THE "POLICY PERIOD," OR, IF PURCHASED, THE DISCOVERY PERIOD. THE COVERAGE AFFORDED UNDER THIS POLICY DIFFERS IN SOME RESPECTS FROM THAT AFFORDED UNDER OTHER POLICIES. PLEASE READ THE ENTIRE POLICY CAREFULLY.**

| ITEM 1. **PARENT ORGANIZATION - NAME AND PRINCIPAL ADDRESS** | ITEM 2. **POLICY PERIOD:** |
|---|---|
| San Diego Center for Children<br>3002 Armstrong Street<br>San Diego, CA 92111<br>State of Incorporation or Organization: CA | (a) Inception Date: September 27, 2003<br>(b) Expiration Date: September 27, 2004<br>at 12:01 a.m. both dates at the Principal Address in ITEM 1. |

ITEM 3. **LIMIT OF LIABILITY:**
$5,000,000.00 maximum aggregate limit of liability for all **Claims** made or deemed made during any **Policy Year**

ITEM 4. **PREMIUM:**
$ 34,870.00 total premium.
Surcharge: $697.40

ITEM 5. **RETENTIONS:**
(a) $0.00 each **Insured Person** each **Claim**, but only for **Loss** as to which indemnification by the **Insured Entity** is not legally permissible or is not made solely by reason of the **Insured Entity's** financial insolvency.
(b) $25,000.00 each **Claim**, for **Loss** as to which indemnification by the **Insured Entity** is legally permissible
(c) $25,000.00 each Claim under Insuring Agreement C

ITEM 6. **ADDITIONAL PREMIUM FOR EXTENDED REPORTING PERIOD:**
40% of annual expiring premium, for one (1) year Extended Reporting Period
75% of annual expiring premium, for two (2) year Extended Reporting Period

ITEM 7. **NOTICE UNDER CONDITIONS (G)(1) AND (G)(2) MUST BE ADDRESSED TO:**
Vice President of Claims
Executive Risk Management Associates
P. O. Box 2002
Simsbury, CT 06070

ITEM 8. **ENDORSEMENTS ATTACHED AT ISSUANCE:**
C31384 (12/99 ed.) D24770 (7/97 ed.)
D21190 (11/94 ed.)
D22175 (8/95 ed.)
D23832 (1/97 ed.)
D23833 (3/98 ed.)
D23861 (9/01 ed.)

**These Declarations, the signed and completed Application and the Policy, with endorsements, will constitute the entire agreement between the Underwriter, the Insured Entity and the Insured Persons.**

EXECUTIVE RISK INDEMNITY INC. by (Authorized Company Representative):

**EXHIBIT "D"**

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 NOV 13 PM 4:02

H. CHING
CLERK

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

SHELBY ANNE FLOYD 1724-0
THOMAS E. BUSH 4737-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-1800

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| DAVINA KOTAKE, as Permanent Custodian of John Doe, A Minor,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAII CENTER FOR CHILDREN; JOHN DOES 2-20; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10 and DOE ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. 06-1-1962-11 BIA<br>(Non-motor vehicle tort)<br><br>**COMPLAINT; SUMMONS** |

**COMPLAINT**

Comes now Plaintiff DAVINA KOTAKE, as Permanent Custodian JOHN DOE, a minor, by and through his attorneys Alston Hunt Floyd & Ing and for his Complaint against Defendants above-named, alleges and avers as follows:

I do hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

## I. PARTIES

1. Plaintiff DAVINA KOTAKE ("Kotake"), who is the permanent custodian John Doe, a minor, is a resident of the County of Hawaii, State of Hawaii.

2. JOHN DOE, whose identity is known to named Defendants and who desires to keep his identity confidential for purposes of this action due to his minority, at all times material herein, resided in the City and County of Honolulu, State of Hawaii.

3. Defendant HAWAII CENTER FOR CHILDREN ("HCC") is and was at all times material herein, a Hawaii Corporation, doing business in the City and County of Honolulu, State of Hawaii.

4. Plaintiff has obtained some information from certain records of the Department of Education and Department of Health of the State of Hawaii and other records, in order to ascertain the true and full identities of all defendants in this action, but has no further knowledge or information regarding the parties responsible and is unable to ascertain the identity of the defendants in this action designated as Defendants JOHN DOES 2-20, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 and DOE ENTITIES 1-10 (hereinafter collectively referred to as "Doe Defendants"). The Doe Defendants' true names and identities are unknown to Plaintiff except that they are connected in some manner with Defendants and may be agents, servants, employees, employers, representatives, co-venturers, associates, or

independent contractors of Defendants and/or were in some manner presently unknown to Plaintiff engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to Plaintiff and their true names, identities, capacities, activities, and/or responsibilities are presently unknown to Plaintiff or Plaintiff's attorneys. Plaintiff prays for leave to amend this Complaint to insert herein their true names, identities, capacities, activities and/or responsibilities when they are ascertained.

**II. JURISDICTION**

5. All events material herein occurred within the City and County of Honolulu and within the jurisdiction of the Circuit Court of the First Circuit, State of Hawaii. The amount at issue is within the jurisdictional limits of said Circuit Court of the First Circuit.

**III. UNDERLYING FACTS**

6. Kotake is the biological aunt of John Doe and was his foster parent from 2000 until January 2004.

7. By January 2004, John Doe was 12 years old, and had been diagnosed with multiple psychological, mental and emotional disabilities. The rights of his parents had been permanently terminated and he was a ward of the State of Hawaii.

8. In 2003 and 2004, HCC purported to provide and operate an interdisciplinary psychotherapeutic treatment program in a twenty-four hour a day facility ("treatment program") on the Island of Oahu, in the City and

County of Honolulu, for severely emotionally disturbed male youth pursuant to a contract with the State of Hawaii Department of Health, Child & Adolescent Mental Health Division ("CAMHD"). HCC touted its treatment program as being safe and designed for troubled teens with substance abuse problems.

9. In December 2003, the State of Hawaii, without any input from Kotake, contacted HCC to determine whether HCC would accept John Doe for entrance into its treatment program.

10. HCC thereafter interviewed John Doe and accepted him for entrance in January 2004 into its treatment program.

11. HCC accepted John Doe for placement into its treatment program despite that fact that he was neither a teenager nor had substance abuse issues.

12. In admitting John Doe into its treatment program, HCC put together a treatment plan that specifically identified as "Barriers to Success," the fact that John Doe was vulnerable to sexual exploitation and that he needed one to one monitoring and line of sight supervision to remain safe. HCC's treatment plan also recognized that John Doe engaged in "negative attention-seeking behaviors."

13. HCC sets forth goals in the treatment plan that included ensuring that John Doe (a) "be able to identify and maintain appropriate sexual boundaries 100% of the time and verbalize a personal safety plan if feeling sexually threatened" and (b) learn "how to resolve conflicts with peers with staff

guidance and support 90% of the time."

14. Upon John Doe's entrance into the program, HCC completely failed to provide him with the support and guidance it knew was necessary to avoid the barriers to success it had identified and to achieve the goals in its treatment plan.

15. HCC housed John Doe with an older boy who it knew had a history of sexual predation and then failed to provide the one to one monitoring that it had recognized John Doe needed.

16. Within two to three weeks after John Doe had entered the treatment program, HCC staff and outside professionals working with HCC recognized and informed HCC that John Doe was not appropriate for this program, and that HCC lacked the resources to provide the one to one monitoring that John Doe needed to be safe.

17. As a result of HCC's failure to provide a safe environment for John Doe, he was sexually assaulted repeatedly by his roommate within weeks of his entrance to the program and became a target at the program for negative comments and bullying by other older and bigger program residents.

18. HCC learned of the sexual assaults approximately three weeks after they began, but even then HCC failed to take reasonable steps to assure John Doe's safety and well-being for over two months.

19. As a result of HCC's failure to act, John Doe remained in the program and in continued contact with the sexual perpetrator. He also

remained the target for negative comments and bullying by other program residents.

20. HCC failed to promptly act to ensure John Doe's safety and welfare despite the repeated requests of HCC staff and professionals working with HCC who informed it was dangerous for John Doe to remain in the program and that he must be moved as soon as possible.

21. Finally, on or about May 11, 2004, HCC discharged John Doe from its program, and he was transferred to a residential treatment program on the Island of Hawaii that specializes in treating emotionally disturbed children.

22. As a direct result of HCC's failure to protect John Doe, he has suffered severe physical injury and has suffered and continues to suffer psychological injury, which has manifested itself in his behavior and will likely continue to manifest itself as he becomes an adult.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### [Negligence - Inappropriate Admission/Failure to Protect]

23. Plaintiff incorporates by reference and realleges the preceding paragraphs as though fully set forth above.

24. HCC voluntarily undertook John Doe's custody and care. HCC thus had a "special relationship" with John Doe that was a quasi-parental or *in loco parentis* custodial relationship.

25. HCC had a duty of care to John Doe that required, among

other things, that it take reasonable steps to prevent any harm to John Doe which it foresaw or reasonably should have foreseen.

26. HCC breached this duty of care to John Doe by admitting him into its program even though he was inappropriate for admission based on its own criteria. HCC further breached this duty of care to John Doe by failing to take reasonable steps to ensure his safety and welfare once it decided to admit him into its program.

27. As a result of HCC's breach of its duty of care, John Doe was sexually assaulted by his roommate and was the target for negative comments and bullying by other program residents.

28. As a direct and proximate result of the negligence of HCC, John Doe has suffered extreme physical and emotional pain and suffering, past and future medical expenses, permanent emotional distress and psychological damages and other damages in an amount to be proven at trial. In addition, HCC's conduct was reckless, grossly negligent and/or done with deliberate indifference to the rights of John Doe, and thus HCC shall be liable for punitive damages.

**SECOND CLAIM FOR RELIEF**
**[Negligence - Failure to Intervene/Protect]**

29. Plaintiff incorporates by reference and realleges the preceding paragraphs as though fully set forth above.

30. After learning that John Doe had been sexually assaulted and that he was the target for negative comments and bullying, HCC, which

continued to have a "special relationship" with him, owed him a duty of care to promptly intervene in the situation it had placed him in and to protect him from further harm.

31. HCC breached a duty of care to John Doe by failing to promptly intervene in the situation it had placed him in and by allowing him to continue to be the target for negative comments and bullying and to have contact with the sexual abuse perpetrator.

32. As a direct and proximate result of the negligence of HCC, John Doe has suffered extreme physical and emotional pain and suffering, past and future medical expenses, permanent emotional distress and psychological damages and other damages in an amount to be proven at trial. In addition, HCC's conduct was reckless, grossly negligent and/or done with deliberate indifference to the rights of John Doe, and thus HCC shall be liable for punitive damages.

**THIRD CLAIM FOR RELIEF**
**[Breach of Contract]**

33. Plaintiff incorporates by reference and realleges the preceding paragraphs as though fully set forth above.

34. John Doe was a third party beneficiary of HCC's contract with CAMHD to provide an appropriate and safe treatment program.

35. HCC failed to provide John Doe with an appropriate and safe treatment program and therefore breached its contract with CAMHD and its duty to John Doe.

36. As a direct and proximate result of the breach of contract by HCC, John Doe has suffered extreme physical and emotional pain and suffering, past and future medical expenses, permanent emotional distress and psychological damages and other damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the court enter judgment against Defendants Hawaii Center for Children and John Does 2-20, Doe Corporations 1-10, Doe Partnerships 1-10 and Doe Entities 1-10 on all causes of action and grant relief as follows:

a. For general and special damages in amounts to be proven at trial;

b. For punitive damages in amounts to be proven at trial;

c. For attorneys' fees, costs of suit and both pre-judgment and post-judgment interest to the extent allowed by law; and

d. For such other and further relief as the Court deems just and proper under the circumstances.

Dated: Honolulu, Hawaii, NOV 13 2006.

SHELBY ANNE FLOYD
THOMAS E. BUSH
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| DAVINA KOTAKE, as Permanent Custodian of John Doe, A Minor, | ) | CIVIL NO. ______________ (Non-motor vehicle tort) |
| Plaintiff, | ) | **SUMMONS** |
| vs. | ) | |
| HAWAII CENTER FOR CHILDREN; JOHN DOES 2-20; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10 and DOE ENTITIES 1-10, | ) | |
| Defendants. | ) | |

**SUMMONS**

STATE OF HAWAII

To the above-named Defendants:

You are hereby summoned and required to serve upon ALSTON HUNT FLOYD & ING whose address is 18th Floor, American Savings Bank Tower, 1001 Bishop Street, Honolulu, Hawaii 96813, attorneys for Plaintiff, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This Summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge

of the above-entitled court permits, in writing on this Summons, personal delivery during those hours.

A failure to obey this Summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii, NOV 1 3 2006.

H. CHING

FIRST CIRCUIT COURT SEAL STATE OF HAWAII

CLERK OF THE ABOVE-ENTITLED COURT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 685-6145 | |
| PLAINTIFF(S) / PETITIONER(S): San Diego Center for Children | |
| DEFENDANT(S) / RESPONDENT(S): Safeco Insurance Company et.al. | |
| SAN DIEGO CENTER FOR CHILDREN VS. SAFECO INSURANCE COMPANY | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2008-00080924-CU-IC-CTL |

Judge: Jay M. Bloom Department: C-70

**COMPLAINT/PETITION FILED:** 04/01/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00080924-CU-IC-CTL CASE TITLE: San Diego Center for Children vs. Safeco Insurance Compar

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| PLAINTIFF(S): San Diego Center for Children | |
| DEFENDANT(S): Safeco Insurance Company et.al. | |
| SHORT TITLE: SAN DIEGO CENTER FOR CHILDREN VS. SAFECO INSURANCE COMPANY | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)** | CASE NUMBER: 37-2008-00080924-CU-IC-CTL |

Judge: Jay M. Bloom Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference with Private Neutral
- ☐ Other (specify): ______________________
- ☐ Court-Ordered Nonbinding Arbitration
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☐ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☐ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) ______________________

Alternate: (mediation & arbitration only) ______________________

Date: ______________________ Date: ______________________

Name of Plaintiff Name of Defendant

Signature Signature

Name of Plaintiff's Attorney Name of Defendant's Attorney

Signature Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 04/01/2008 ______________________ JUDGE OF THE SUPERIOR COURT

| UNITED STATES DISTRICT COURT – SOUTHERN DIVISION | | FOR COURT USE ONLY |
|---|---|---|
| TITLE OF CASE: **SAN DIEGO CENTER FOR CHILDREN v. SAFECO INS. CO., et al.** | | |
| William P. Harris III (123575)<br>LAW OFFICES OF BRUCE P. AUSTN<br>1455 Frazee Road, Suite 802<br>San Diego, CA 92108<br>Tel: (619) 209-4000<br>Fax: (866) 724-0742 | | |
| ATTORNEY(S) FOR: **Defendant GENERAL INSURANCE COMPANY OF AMERICA** | HEARING DATE:<br>TIME:<br>DEPARTMENT: | CASE NO:<br><br>JUDGE ASSIGNED: |

I, Teri A. Moore, declare that: I am over the age of eighteen years, not a party to the action, and employed in the office of a member of the Bar of this Court at whose direction the service was made in the County of San Diego, California, where the mailing occurs. My business address is 1455 Frazee Road, Suite 802, San Diego, California.

On April 29, 2008, I served the following:

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

(x) BY MAIL. I declare that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that a true copy of the correspondence was placed in a separate envelope addressed to each addressee named in the attached service list, and that each envelope was then sealed and deposited with the United States Postal Service in San Diego this same day in the ordinary course of business.

| Richard P. Edwards, Esq.<br>MUNRO SMIGLIANI & JORDAN LLP<br>2535 Truxtun Road, Suite 208<br>San Diego, CA 92106<br>Tel: (619) 237-5400<br>Fax: (619) 923-2866 | Plaintiff |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 29, 2008

Teri A. Moore

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 150347 - MB

April 29, 2008
16:32:34

Civ Fil Non-Pris
USAO #.: 08CV0782 CIVIL FILING
Judge..: JANIS L. SAMMARTINO
Amount.: $350.00 CK
Check#.: BC0492741

Total-> $350.00

FROM: SAN DIEGO CENTER FOR CHILDREN
VS SAFECO INSURANCE CO

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
SAN DIEGO CENTER FOR CHILDREN

**DEFENDANTS** SAFECO INSURANCE COMPANY, SAFECO SURPLUS LINES INSURANCE COMPANY, and DOES 1 through 5, inclusive

08 APR 29 PM 4:29

(b) County of Residence of First Listed Plaintiff San Diego, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant King, Washington
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'08 CV 782 JLS AJB

(c) Attorney's (Firm Name, Address, and Telephone Number)
Richard P. Edwards, Esq., Munro Smigliani & Jordan LLP
225 Truxtun Rd, Suite 208, San Diego, CA 92106 619/237-5400

Attorneys (If Known) William P. Harris III, Esq. (Bar No. 123575) Law Offices of Bruce P. Raubitin
~~See Attachment~~ 1455 Frazee Road, Suite 802 San Diego, CA 92108/Tel (619) 209-4000
Fax (866) 724-0742

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 28 U.S.C. 1332
Brief description of cause: Declaratory Relief

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** Declaratory Relief
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____ DOCKET NUMBER ____

DATE 04/29/2008
SIGNATURE OF ATTORNEY OF RECORD [signature] William P. Harris III for Defendant

**FOR OFFICE USE ONLY**

RECEIPT # 150847 AMOUNT $350 — APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

04/29/08 [initials]